IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HARTZELL,<br>Plaintiff | : | No. 3:15-CV-2441 |
| v. | : | (Judge Nealon) |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>Defendant | : | (Magistrate Judge Carlson) |

**MEMORANDUM**

**Background**

On December 21, 2015, Plaintiff, Rodney Hartzell, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On February 24, 2016, Defendant filed an Answer and Transcript. (Docs. 8 and 9). On April 8, 2016, Plaintiff filed a brief in support. (Doc. 13). On May 5, 2016, Defendant filed a brief in opposition. (Doc. 14). On May 12, 2016, Plaintiff filed a reply brief. (Doc. 15). A Report and Recommendation, ("R&R"), was issued by United States Magistrate Judge Martin Carlson on December 14, 2016, recommending that the appeal be granted, the decision of the Commissioner be vacated, and the matter be remanded to the Commissioner for further consideration. (Doc. 17). Objections were due by December 28, 2016, but

were not filed. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted, the appeal will be granted, the decision of the Commissioner will be vacated, and the matter will be remanded to the Commissioner for further consideration.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

## Discussion

Upon review of the present appeal, it is concluded that there is no clear error with the Magistrate Judge's finding that substantial evidence does not support the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the background of the case, a review of the transcript, the standard for reviewing a Social Security appeal, and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, all of which are herein adopted. (Doc. 17, pp. 1-15). Magistrate Judge Carlson addresses Plaintiff's assertions, and determines that the ALJ erred at Step Two of the Sequential Evaluation Process, stating the following:

> [T]he ALJ did not comment on whether [Plaintiff]'s alleged back impairment met the twelve-month durational requirement of the Social Security Act. Instead, he found that it was not medically determinable for any period of time. As such, we cannot accept the Commissioner's post-hoc rationalization that the ALJ's error in this regard is harmless because the alleged impairment may have been temporary.
>
> Moreover, unlike an error on the issue of severity, in most cases where an ALJ errs by finding that an impairment alleged by the claimant is not medically determinable[,] that error is not considered harmless. All medically determinable impairments must be considered at [S]tep [T]wo and accounted for in the RFC assessment. Case law is clear that an ALJ's failure to find an impairment medically determinable at [S]tep [T]wo, or to

3

support a finding that an impairment is not medically determinable, makes the ALJ's finding at subsequent steps of the sequential evaluation process defective and is cause for remand. Christenson v. Astrue, Civil No. 4:10-CV-1192; 2011 U.S. Dist. LEXIS 150308[,] at *25-26 (M.D. Pa. Sept. 14, 2011) ("The failure of the administrative law judge to find that condition as a medically determinable impairment, or to give an adequate explanation for discounting it, makes his decision at step four of the sequential evaluation process defective."); Crayton v. Astrue, Civil No. 4:10-CV-01265, 2011 U.S. Dist. LEXIS 139414 (M.D. Pa. Sept. 27, 2011); Shedden v. Astrue, Civil No. 4:10-CV-2515, 2012 U.S. Dist. LEXIS 30467[,] at *37 (M.D. Pa. Mar. 7, 2012).

[Plaintiff]'s alleged back impairment was not present on the date he filed his applications for benefits, and due to its late onset[,] was not expressly brought to the attention of the Social Security Administration until July 2014, in [Plaintiff]'s pre-hearing brief [in which] he alleges disability due to degenerative disc disease. (Admin. Tr. 202). Review of the record reflects, however, that it was noted that [Plaintiff]'s back pain was "likely due to degenerative disc disease," he was diagnosed with the conditions of "low back strain," "chronic bak pain," and "lumbago." (Admin. Tr. 288, 294, 351, 368). X-rays to confirm whether there was any degeneration in [Plaintiff]'s spine were recommended, but it is unclear whether x-rays were ever taken. (Admin. Tr. 371). No x-rays of [Plaintiff]'s spine were in the record before the ALJ. The record does reflect that [Plaintiff] was referred to Drayer Physical Therapy for treatment of chronic lower back pain. (Id.). During his hearing[,] [Plaintiff] reported that hew as seeing a physical therapist for sciatica. (Admin. Tr. 33). However, no treatment records from [Plaintiff]'s physical therapist were included in the record before the ALJ.

The ALJ concluded that [Plaintiff]'s alleged impairment of back pain was not medically determinable during the relevant

period because:

> A medically determinable impairment may not be established solely on the basis of a claimant's allegations regarding symptoms (20 CFR 404.1508, 404.1529, 416.908, and 416.929 and SSR 96-4p). There must be evidence from an acceptable medical source in order to establish the existence of a medically determinable impairment that can reasonably be expected to produce the symptoms. Thus, the claimant's alleged "sciatic"/ low back pain is a symptom and not a medically determinable impairment.

(Admin. Tr. 14). However, for the reasons stated herein[,] we find that the ALJ in this case improperly discounted the opinion [of] a qualified medical expert when he rejected the uncontradicted diagnosis of "chronic low back pain" likely due to degenerative disc disease and sciatica made by Dr. Jerev.

Indeed, we note at the outset that the ALJ's suggestion that sciatica is not [a] medically determinable [impairment] has been rejected by this Court, which has found this condition to be both [a] medically determinable [impairment,] and, on occasion, severe. Preble v. Astrue, No. 3:08-CV-292, 2009 WL 47350, at *12 (M.D. Pa. Feb. 25, 2009). Therefore, such a diagnosis would describe a medically determinable condition. Further, the Commissioner's regulations provide that medical opinions are statements from physicians, psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including the claimant's symptoms, *diagnosis* and prognosis, what the claimant can still do, and the claimant's physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (emphasis added); see also, SSR 96-2p, 1996 WL 374188[,] at *2 (listing a "diagnosis" as an example of a medical opinion).

(Doc. 17, pp. 15-22). Ultimately, Magistrate Judge Carlson concludes that the ALJ's determination at Step Two was not supported by substantial evidence because he improperly concluded at Step Two that Plaintiff's back pain was not a medically determinable condition when he implicitly rejected the diagnosis made by Dr. Jerev that was uncontradicted in the record. (Id. at 24). It is on this basis that Magistrate Judge Carlson recommends that the appeal be granted, the decision of the Commissioner be vacated, and the matter be remanded to the Commissioner for further consideration.

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Carlson's R&R will be adopted. As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, and the matter will be remanded to the Commissioner for further consideration.

A separate Order will be issued.

**Date:** January 3, 2017

/s/ William J. Nealon
**United States District Judge**